■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LERUN NIGHTINGALE, Appellant. [985 NYS2d 415]—Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered May 18, 2012, resentencing defendant, as a second violent felony offender, to an aggregate term of 20 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*People v Lingle*, 16 NY3d 621 [2011]). Concur—Mazzarelli, J.P., Acosta, Andrias, Saxe and Clark, JJ.

■ KELLY COFFEY, Respondent, v CRP/EXTELL PARCEL I, L.P., et al., Appellants, et al., Defendant. [986 NYS2d 448]—Judgment, Supreme Court, New York County (Debra A. James, J.), entered April 2, 2013, inter alia, declaring the option agreement rescinded, and ordering defendants to release and return the escrowed down payments, unanimously affirmed, with costs.

The court correctly found that defendants are barred by the doctrine of collateral estoppel from relitigating the issues raised here, since those issues were fully and fairly litigated in the administrative proceeding that culminated in the hybrid CPLR article 78 proceeding/reformation action, which affirmed a determination by the Office of the Attorney General allowing certain purchasers similarly situated to plaintiff to rescind their option agreements (*see Matter of CRP/Extell Parcel I, L.P. v Cuomo*, 101 AD3d 473 [1st Dept 2012]). Concur—Mazzarelli, J.P., Acosta, Andrias, Saxe and Clark, JJ.